LOTTINGER, Judge.
This is a suit by Mrs. Issannac Hawkins, plaintiff, to recover on three separate insurance policies issued by the defendant, Security Industrial Insurance Company, on the life of her late husband. The Trial Court rendered judgment in favor of the defendant and the plaintiff moved for a suspensive appeal, however, the suspensive appeal bond was not filed timely, though *115 timely for a devolutive appeal, and therefore, will be considered as such.
Plaintiff’s husband was shot to death by Jessie H. Engleton on October 12, 1974. Defendant denies any obligations under the policies alleging that an exclusion included in each of the policies provided that the policies do not allow coverage for “ * * * death or injury resulting directly or indirectly from * * * injuries, intentionally inflicted upon the Insured by himself or by another person * * * ” and operates as a bar to her recovery in the instant case. Plaintiff is the named beneficiary on each policy.
The facts as found by the Trial Court are as follows:
“Hawkins and another, Jesse H. Engle-ton, got involved in an argument at a local bar room. Things got out of hand and Hawkins said he would kill Engleton, at which point he obtained a chain and began swinging it at Engleton, who in the interim had obtained a gun from one Mildred Black. Engleton evidently shot several times to ward off Hawkins but to no avail. He eventually shot and killed Hawkins. Engleton declared at the trial that he did not intend to kill Hawkins but to scare him off. Later, Engleton was brought before the Grand Jury for the commission of the crime of “Second Degree Murder.” However, the Grand Jury returned a “No True Bill”, evidence of which was introduced into the record. Therefore, the main issue to be determined in this case is whether under the circumstances delineated supra the exclusion contained in the insurance policy should act as a bar to Mrs. Hawkins’ recovery.”
The evidence reflects that the plaintiff’s husband was shot at by Engleton some three or four times. In reaching its decision, the Trial Court said:
“The leading ease concerning this issue is TORNABENE vs. ATLAS LIFE INSURANCE COMPANY [La.App.], 295 So.2d 10 (4 C-1974), writ refused [La.] 299 So.2d 360. The Tornabene case discusses the entire line of jurisprudence on this particular issue, involving almost the identical exclusion. In Tornabene and the other cases cited in the opinion, the exclusion was held invalid. However, the reason the courts found the exclusion to be invalid was evidentiary in nature. The Court of Appeal adopted the trial court’s finding that the case of CHAMBERS vs. FIRST NATIONAL LIFE INSURANCE COMPANY [La.App.], 253 So.2d 636 (1971) is controlling. In the Chambers case, the court held that the burden of proof is to show that the death was by ‘violent and external means unforeseen by the victim to show that the death was accidental.’ Upon this showing, the burden then shifts to the defendant to prove ‘that the death falls under the intentional act exclusion by showing that (1) the killing was intentional and (2) that the victim was the intended victim.’ (Tornabene v. Atlas Life Insurance Company, supra, at p. 12).
“In the instant case, it appears that Hawkins was the aggressor and therefore it is not apparent that the plaintiff has proven that the injury resulting in Hawkins’ death was unforeseen. One cannot threaten to kill another and not expect his intended victim to lay passively by and allow himself to be killed. Certainly it is foreseeable that if you accost someone in such a fashion, that a foreseeable result would be that the aggressor becomes the victim. In the alternative, it can hardly be said that Engleton did not intend to kill Hawkins. Even though he testified that he did not and was not indicted by the Grand Jury, it is apparent from the evidence that he must have intended to kill Hawkins. It could not be conceived that Engleton was going to continue to fire ‘warning shots’ at Hawkins who had threatened to kill him, apparently intended to do so, and had within his means a weapon with which to accomplish that end, namely the chain. Therefore, I feel that the killing was intentional and that the evidence bears this opinion out.
“With regard to the second evidentiary requirement to be met by the defendant, *116 that the actual victim was the intended victim, the evidence is also clear. Engle-ton, in apparent self-defense, shot Hawkins. He knew who Hawkins was. Hawkins assailed him and he intended to stop that assault. There is no question but that Hawkins was the intended victim. “Although the parties have not argued the point, it seems that the decedent’s widow would also be barred by another exclusion, namely because the policy does not cover death resulting directly or indirectly from ‘participation in any criminal act.’ The de'cedent, Hawkins, was engaged in an aggravated battery when he was killed so that exclusion should apply-”
After a reading of the record, we find no manifest error on the part of the Trial Judge. Therefore, for the above and foregoing reasons as pronounced by the Trial Judge in his written reasons for judgment, the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by plaintiff-appellant.
AFFIRMED.